RONDON *v.* GIL ET AL.

APPEAL from the District Court of San Juan.

No. 275.—Decided June 16, 1908.

JUDGMENT IN DEFAULT—APPEAL—NECESSARY DOCUMENTS.—A copy of the notice served upon the defendant duly returned, not having been presented with the transcript of the record, and no memorandum appearing in the complaint that the default of the defendant was entered, the appeal must be dismissed.

The facts are stated in the opinion.

*Messrs. Freyre and Fournier* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

María Blasina Rondon y Rondon filed a complaint in the District Court of San Juan against Carlos Gil Ponce de León, and Mercedes and Eustaquia Rondon y Merced, praying that in due time judgment be rendered finding as follows: 1. That the estate of 30 *cuerdas* described in the complaint is legally the property of the plaintiff; 2. That the proceedings to establish the possession of said estate by the defendants, Mercedes and Eustaquia Rondon, and approved in their favor by the Municipal Court of Bayamón are void, because the grounds on which the same are based are false, and that the record thereof in the registry of property is also void; 3. That the sale of said estate by the defendants, Mercedes and Eustaquia Rondon, to the other defendant, Carlos Gil Ponce de León, is also void, as is the record of said sale in the registry of property; 4. That by virtue of the foregoing declaration the estate in question must be delivered to the plaintiff; 5. That the defendant, Gil Ponce de León, must pay the plaintiff as damages the value of what she has failed to receive as the net income from the estate from January 8, 1905, to the date it is delivered, at the rate of $400 per annum; and 6. That defendants pay the costs and expenses of the action.

The trial having been had the court rendered the following judgment:

"This action having been called for trial in its order on the calendar, the plaintiff appeared through her counsel, and the defendants failing to do so, their default was entered. The plaintiff having announced her readiness to proceed, her counsel read her complaint, presented the evidence and made an oral argument, judgment being reserved. And the court taking into consideration the amended complaint, the evidence and the arguments, holds that the facts and the law are against the plaintiff, and consequently renders this judgment dismissing the complaint of María Blasina Rondon y Rondon, who has no right to recover from the defendants, the costs being taxed against her. The secretary will enter this judgment and issue a writ of execution for the satisfaction of the costs.

"Done and pronounced in court this 6th day of March, 1908.— Pedro de Aldrey, District Judge; José E. Figueras, Secretary. By A. Marín Marien, Deputy Secretary.

"Entered March 7, 1908.—Pedro de Aldrey, Judge of the Court; José E. Figueras, Secretary."

Counsel for the plaintiff took an appeal from said judgment to this Supreme Court, which is now awaiting decision, after the written and oral allegations of the appellant had been heard.

Let us see whether the necessary documents have been received in this court to permit of the consideration and decision of this appeal on its merits—that is to say, with relation to the questions of fact and of law at issue, a case decided in the default of the defendants being involved.

Section 299 of the Code of Civil Procedure provides that:

"In an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case upon which the appellant relies."

The documents which constitute the judgment roll, according to the first subdivision of section 233 of the said code, are the following:

"In case the complaint be not answered by any defendant the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment."

In the transcript of the record we find a copy of the complaint and of the judgment, but the summons of the defendant, with the affidavit or proof of service, is lacking, and the complaint does not show any memorandum to the effect that the default of the defendant in not answering had been entered.

As a copy of the judgment roll, with all the elements which go to make it up has not been received in this court, the provisions of section 303 of the said Code of Civil Procedure are applicable to this appeal. This section provides:

"Section 303. If the appellant fails to furnish the requisite papers the appeal may be dismissed."

We will not close without repeating what this court said under date of December 13 of last year, in rendering its opinion in the case of *Heraclio Jiménez* v. *José Olmedo et al:*

"We regret that on account of a failure to comply with the rules of procedure we should be compelled frequently to dismiss appeals, as in this case, without discussing them or deciding upon their merits or legal issue involved; but such failure has its sanction in section 303 of the Code of Civil Procedure above cited, and it is our duty to apply it."

In view of the reasons stated we are of the opinion that the appeal should be dismissed, with the costs against the appellant.

*Dismissed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.